| | |
|---|---|
| DISTRICT COURT FOR THE 2nd JUDICIAL DISTRICT<br>DENVER COUNTY, STATE OF COLORADO<br><br>Court Address:  Denver City & County Building<br>　　　　　　　　1437 Bannock Street, Room 256<br>　　　　　　　　Denver, Colorado 80202<br><br>Telephone Number:  (303) 606-2300 | DATE FILED: March 7, 2022 10:19 AM<br>FILING ID: 7ABA69C28F3CF<br>CASE NUMBER: 2022CV30623 |
| Plaintiff: **VICKIE SYKES**<br><br>v.<br><br>Defendant: **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** | ▲ Court Use Only ▲ |
| Cornell Johnson, Atty. Reg. No.: 34449<br>The Law Office of Cornell Johnson, P.C.<br>1800 Glenarm Place, Suite 100<br>Denver, Colorado 80202<br>*Attorneys for Plaintiff*<br><br>Telephone Number: (303) 298-8598<br>Facsimile Number:  (303) 298-8356<br>Electronic Mail Address:  **cjohnson@denverslawyer.com** | Case Number:<br><br>Division |
| **COMPLAINT** ||

**COMES NOW** Plaintiff Vickie Sykes, by and through her undersigned counsel, The Law Office of Cornell Johnson, P.C., and as her Complaint against Defendant Allstate Fire and Casualty Insurance Company, states and alleges as follows:

## GENERAL ALLEGATIONS

1. At all times relevant hereto, Plaintiff Vickie Sykes was a resident of Denver, Colorado.

2. Upon information and belief, at all times relevant to this action Defendant Allstate Fire and Casualty Insurance Company was a non-resident foreign corporation with a

principal address of 2775 Sanders Road, Northbrook, Illinois 60062.

3.      When the defendant is a non-resident, Plaintiff may designate venue pursuant to C.R.C.P. 98.  Therefore, pursuant to C.R.C.P. 98, venue is proper in the District Court of Denver County.

## **FACTUAL ALLEGATIONS**

4.      Plaintiff incorporates the allegations contained in paragraphs 1 through 3 of this Complaint as if set forth *verbatim*.

5.      On or about August 16, 2016, at approximately 3:51 p.m., Plaintiff Vickie Sykes was driving her 2007 Volvo S80, license plate number A086849, vehicle identification number YV1AH852171026482, westbound on East 46th Avenue in the right lane in Denver, Colorado.

6.      On or about August 16, 2016, at approximately 3:51 p.m., David Portwood was driving his 2000 Ford Explorer, license plate number 498QYZ, vehicle identification number 1FMZU72XXYZB82629, westbound on East 46th Avenue some distance behind Plaintiff Vickie Sykes' 2007 Volvo S80.

7.      On or about the aforementioned date and time, Plaintiff Vickie Sykes began merging into the left lane of westbound East 46th Avenue.

8.      On or about the aforementioned date and time, traffic on westbound East 46th Avenue came to a complete stop.

9.      On or about the aforementioned date and time, David Portwood failed to realize traffic ahead on westbound East 46th Avenue had stopped.

10.     When David Portwood failed to realize traffic ahead on westbound East 46th Avenue had stopped on or about the aforementioned date and time, he crashed his Ford Explorer into Plaintiff Vickie Sykes' Volvo S80.

11.     David Portwood's negligent actions were the actual and proximate cause of the Ford Explorer crashing into Plaintiff Vickie Sykes' Volvo S80 on or about the aforementioned date and time.

12.     Plaintiff Vickie Sykes was not comparatively negligent in causing David Portwood's Ford Explorer to crash into her Volvo S80 on or about the aforementioned date and time.

13.     On or about the aforementioned date and time, David Portwood owed Plaintiff Vickie Sykes a duty to exercise reasonable care in the operation of his Ford Explorer while driving on East 46th Avenue in Denver, Colorado.

14.     On or about the aforementoned date and time, David Portwood breached his

above-mentioned duty of care by operating the Ford Explorer in a negligent manner without regard to all attendant circumstances.

15. As a result of causing his Ford Explorer to crash into Plaintiff Vickie Sykes' Volvo S80 on or about August 16, 2016, David Portwood violated Colorado statutes C.R.S. § 42-4-1401, Reckless Driving, and C.R.S. § 42-4-1402, Careless Driving.

16. By engaging in or violating the conduct set forth in Colo. Rev. Stat. § 42-4-1401, and Colo. Rev. Stat. § 42-4-1402, David Portwood was negligent *per se*.

17. As an actual and proximate cause of the above-mentioned breach of duty by David Portwood, Plaintiff Vickie Sykes suffered bodily injuries.

18. As an actual and proximate cause of the above-mentioned breach of duty by David Portwood, Plaintiff Vickie Sykes incurred and continues to incur economic damages, including, but not limited to, medical and rehabilitation expenses.

19. As an actual and proximate cause of the above-mentioned breach of duty by David Portwood, Plaintiff Vickie Sykes suffered and continues to suffer non-economic damages, including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

20. As an actual and proximate cause of the above-mentioned breach of duty by David Portwood, Plaintiff Vickie Sykes suffered permanent impairment.

21. As an actual and proximate cause of the above-mentioned breach of duty by David Portwood, Plaintiff Vickie Sykes suffered permanent disfigurement.

22. On or about July 9, 2020, Plaintiff Vickie Sykes settled her bodily injury claim against David Portwood, and his insurer, Loya Insurance, for the policy limit of Twenty-Five Thousand Dollars ($25,000.00).

23. As an actual and proximate cause of David Portwood's negligence, Plaintiff Vickie Sykes suffered damages exceeding the $25,000.00 obtained to date.

## FIRST CLAIM FOR RELIEF
### Contractual Liability Pursuant to Colo. Rev. Stat § 13-80-107.5

24. Plaintiff incorporates the allegations contained in paragraphs 1 through 23 of this Complaint as if set forth *verbatim*.

25. At all times relevant to the August 16, 2016, motor vehicle collision caused by the negligence of David Portwood, Plaintiff Vickie Sykes was insured by Defendant Allstate Fire and Casualty Insurance Company ("Allstate") under automobile insurance policy 920 241 168.

26. At all times relevant hereto, automobile insurance policy 920 241 168 issued to

Plaintiff Vickie Sykes by Defendant Allstate contained underinsured motorist coverage.

27. Automobile insurance policy 920 241 168 issued by Defendant Allstate was in full force and effect on the dates of the aforementioned motor vehicle collision.

28. Under automobile insurance policy 920 241 168 issued by Defendant Allstate, David Portwood was an underinsured motorist.

29. Per the terms and conditions of automobile insurance policy 920 241 168, Defendant Allstate is contractually liable to compensate Plaintiff Vickie Sykes for damages suffered as a result of the aforementioned motor vehicle collision exceeding the value of the compensation obtained to date.

**WHEREFORE**, Plaintiff prays for judgment against Defendant in an amount to be determined at trial, pre- and post-judgment interest, costs and expert witness fees, and for such other and further relief as the Court may deem proper.

Respectfully submitted this 7th day of March 2022.

The Law Office of Cornell Johnson, P.C.

*s/* Cornell Johnson
*Attorneys for Plaintiff Vickie Sykes*

Plaintiff's address:

5199 Fontana Court
Denver, Colorado 80239